# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 1, 2015

Lyle W. Cayce
Clerk

No. 13-60707
Summary Calendar

PATRICIA FORTUNE, for the benefit of herself and others for the wrongful death of Devin Daniel Fortune,

Plaintiff - Appellant

v.

BILLY MCGEE, individually and in his capacity as Sheriff of Forrest County, Mississippi; FORREST COUNTY, MISSISSIPPI; RANDALL SMITH, Individually and in his official capacity as deputy with the Forrest County Sheriff's Department; SKYE JOHNSON,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:12-CV-88

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Patricia Fortune brought a wrongful death claim under 42 U.S.C. § 1983, and state law claims for negligence and emotional distress, against Forrest County, Mississippi, and various county officials. The United States District

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60707

Court for the Southern District of Mississippi granted the defendants' motion for summary judgment. We AFFIRM.

In August 2009, Devin Daniel Fortune, the plaintiff's son, was arrested and charged with felony homicide. Until his death, he remained in the Forrest County Regional Jail as a pretrial detainee. On March 28, 2011, he submitted a request for medical care due to his sinus and breathing problems, a sore throat, and a fever that had lasted for three days. Defendant Skye Johnson, the nurse on duty at the jail, examined Fortune and noticed his tonsils were swollen and had white patches. She did not listen to Fortune's chest. Johnson called the jail physician, who prescribed an antibiotic and antihistamine. On March 31 at 10:00 p.m., defendant Deputy Sheriff Randall Smith made rounds on Fortune's floor and spoke with Fortune. Smith claimed he did not appear ill or in distress. On another walk-through at 12:45 a.m., Smith was told by inmates that Fortune was having trouble breathing. When Smith found Fortune, he was grabbing his chest. Fortune stated, "I just can't breathe." Smith requested an ambulance. With the assistance of another inmate, he carried Fortune to the first floor. An ambulance transported Fortune to Forrest General Hospital. He was in full cardiac arrest when he arrived at the hospital. He was pronounced dead at 1:50 a.m. An autopsy determined the cause of death to be acute and chronic pneumonia.

The plaintiff brought suit against the county, Sheriff Billy McGee, Smith, and Johnson. The parties agreed to proceed before a magistrate judge, who subsequently granted summary judgment to the defendants on all claims.

## DISCUSSION

"We review a district court's ruling on a motion for summary judgment *de novo* and apply the same legal standards as the district court." *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) (citation omitted). Summary judgment is proper where the "movant shows that there is no genuine dispute

No. 13-60707

as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Our best understanding of the plaintiff's arguments on appeal is that the defendants are liable for wrongful death due to inadequate medical care. The plaintiff asserts that Johnson and Smith were deliberately indifferent to Fortune's serious medical needs because Johnson treated him for only a fever and sore throat, and Smith did not check on him with sufficient frequency. As to McGee, the plaintiff argues he failed to establish protocol or training procedures for inmate medical emergencies.[1]

The Fourteenth Amendment requires that state officials not disregard the "basic human needs" of pretrial detainees, which includes medical care. *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996). An official violates this right when he or she responds to a detainee's serious medical needs with deliberate indifference. *Id.* Deliberate indifference is shown where an official "refuse[s] to treat [a detainee], ignore[s] his complaints, intentionally treat[s] him incorrectly, or engage[s] in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *See Sama v. Hannigan*, 669 F.3d 585, 590 (5th Cir. 2012) (citation and quotations omitted). "[A]cts of negligence or medical malpractice do not constitute deliberate indifference . . . ." *Id.* (citation omitted). Supervisory prison officials may be held liable for a Section 1983 violation only if there was "personal involvement in the constitutional deprivation, or . . . a sufficient causal connection between the supervisor's wrongful conduct and the constitutional

---

[1] It does not appear that the plaintiff is appealing the district court's grant of summary judgment to Forrest County. Regardless, the district court correctly held that to maintain a claim against a municipality there must be evidence of a policymaker and a policy that was the moving force behind the constitutional violation at issue. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Because there was no constitutional violation, the plaintiff's claim against the county was properly dismissed.

violation." *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (citation omitted). "It is facially evident that this test cannot be met if there is no underlying constitutional violation." *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 (5th Cir. 2006) (citation omitted).

The uncontroverted evidence is that on the same day Fortune requested medical care, Johnson examined him, called a physician, and administered medication. Her failure to listen to Fortune's chest was, at most, negligence or medical malpractice, which does not rise to the level of deliberate indifference. *See Sama*, 669 F.3d at 590. As to Smith, he called for an ambulance as soon as he realized Fortune was in distress, and helped Fortune to the first floor so he could be transported to the hospital. This does not "evince a wanton disregard" for Fortune's serious medical needs. *See id.* Because neither Johnson nor Smith refused to treat Fortune, ignored his complaints, or intentionally treated him incorrectly, there is no genuine dispute of material fact as to whether they were deliberately indifferent to Fortune's serious medical needs.

Even if McGee failed to establish medical protocol and training procedures, such a failure would not be actionable because Fortune's medical care did not fall short of constitutional standards. *See Rios*, 444 F.3d at 425.

To the extent the plaintiff appeals the grant of summary judgment to the defendants on her state law claims, the district court correctly held the claims were barred by a Mississippi statute that prohibits jail inmates from suing governmental employees who were acting within the scope of their employment. *See* MISS. CODE ANN. § 11-46-9 (1)(m).

AFFIRMED.